CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

KENNETH M. SORENSON
MICAH SMITH
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:   (808) 541-2958
Email:  Ken.Sorenson@usdoj.gov
            Micah.Smith@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 22-00072 DKW |
|---|---|---|
| Plaintiff, | ) ) ) | UNITED STATES' SENTENCING MEMORANDUM; CERTIFICATE OF SERVICE |
| vs. | ) ) |  |
| STEWART OLANI STANT, | ) ) |  |
| Defendant. | ) ) |  |

<u>UNITED STATES' SENTENCING MEMORANDUM</u>

The defendant, Stewart Stant, sold the power of his position as the Wastewater Manager, and later the Director, of the Maui County Department of Environmental Management (DEM) and betrayed the trust of the public and his

sacred oath as an appointed public official.  Over the course of multiple years Stant readily accepted and lavishly consumed nearly $2,000,000 in bribes in return for directing sole source contracts to H2O Processes, a company doing business with Maui County.  Stant chose to advance his personal financial interests above the welfare of the public he served, and to conceal his acceptance of bribes and other financial benefits by brazenly falsifying financial disclosure forms with the Maui Board of Ethics.  In filing false financial disclosure forms, Stant robbed the public of their right to know of third-party financial benefits he was receiving that would materially influence the exercise of his judgment and discretion.  In doing so he defrauded the very people he was elected to serve.  Stant's offense conduct mandates a sentence that serves to punish his egregious conduct, and operate as lasting and credible deterrence for other public officials who contemplate violating their duty to honestly and ethically conduct the business of the public they have the privilege to serve.  The sentence must promote a firm respect for the law, and deliver the stern and lasting message that corruption of our public officials will be punished to the full measure of the law.

I.      The United States Sentencing Guidelines

Neither the defense nor the government raised any objections to the PSR's sentencing guideline calculation.  As provided in paragraph 92 of the PSR, the total

offense level is 33, and the defendant's criminal history category is I. Stant's guideline range is 135 to 168 months.

II.     The Offense Conduct and Section 3553(a) Sentencing Factors

Title 18, United States Code, Section 3553(a) requires the court to impose a sentence sufficient, but not greater than necessary, to ensure the sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment for offense and affords adequate deterrence to criminal conduct.

A.      Nature and Circumstances of the Offense

Section 3553(a)(1) mandates that the court consider the nature and circumstances of the offense and the history and characteristics of the defendant. The offense conduct in this case is deeply disturbing and spanned many years. Stant peddled the power and influence of his position as a Maui County public official to enrich himself and betray the trust bestowed upon him by those he was appointed to serve.

i.      Stant's Position as the Director of DEM

Stant's position as the Director of the Maui County Department of Environmental Management is an aggravating sentencing factor. High public officials are vested with extraordinary trust by the public, and are entrusted with vast discretion. When they use that discretion to line their personal pockets to the tune of nearly $2,000,000 there is a palpable, devastating and enduring loss in the

3

public's confidence in their appointed officials. Moreover, high public officials are critical and important community leaders. The public naturally and by necessity turns to them for honest, competent exercise of their public duties and financial discretion. When that trust is so completely betrayed as here, the damage to the public's confidence in their government, and their officials, is irretrievably compromised. Such is the legacy of Stewart Stant's acceptance of hundreds of thousands of dollars of cash, bank deposits, Vegas trip benefits, gambling junkets (complete with complimentary luxury accommodations and gambling chips), all for selling out the public's trust that he would engage in the honest procurement of goods and services for their benefit and well-being.

This lasting loss of public confidence and the inevitable rise in public cynicism fueled by Stant's betrayal is an aggravating factor the Court must consider in fashioning a sentence in this case.

    ii. <u>Stant's Offense Conduct was Particularly Brazen</u>

The massive bribes paid in this case were given to Stant over the course of many years. Stant was never reticent about taking money in return for selling the discretion his public office vested in him. Stant directed at least 56 contracts to H2O Processes in return for the receipt of hundreds of individual bribes over the course of at least seven (7) years. Between 2012 and 2018 Stant received $733,176 from Milton Choy across the span of 43 bank deposits into Bank of

4

Hawaii personal account. Also during this timeframe, Stant received another $644,570 over the course of 118 cash deposits. Choy also paid another $424,987 to a Hawaii based travel company on behalf of Stant. With these funds Stant lived quite well, spending $187,000 on dining, $60,000 on hostess bars, $54,000 on luxury hotel stays, taking out $165,000 in cash withdraws and spending thousands on airfare, jewelry and other items. In June 2017, Stant purchased $40,000 in gambling chips, but cashed in over 183,000 worth of chips he did not purchase.

The long running and brazen nature of Stant's betrayal of the public trust is, in our view, another aggravating factor the Court must consider.

### iii. False Public Financial Disclosures

The County of Maui mandates that its public officials file an annual public financial disclosure informing the public and their electorate of any gifts or financial benefits in excess of $50. Despite being literally infused with massive amounts of cash, bank deposits and travel benefits, Stant never declared a dime of the $1,900,000 of dollars in bribes he took while serving as a Maui County official.

By failing to lawfully disclose payments and benefits that he accepted for agreeing to perform official acts on his annual financial disclosure form, Stant purposefully concealed corrupting influences on his performance as a Maui County public official, and defrauded the citizens of Maui, who were entitled to Stant's honest and faithful services and entitled to know what financial benefits he had

received during the course of his service. We submit that Stant's brazen falsification of mandated Financial Disclosure forms is an aggravating factor that must weigh into the Court's sentence in this case.

B.   Mitigation

In mitigation, Stant was cooperative with the government's investigation. In our view, this cooperation did not arise to the level of justifying a motion for downward departure, but it was notable. Stant agreed to perform some proactive work on behalf of investigating agents, and quickly accepted responsibility for his actions. Stant's agreement to remain silent about the government's ongoing investigation during its investigative stages was likewise beneficial to our efforts.

We have taken Stant's cooperation and acceptance into account in formulating a balanced sentencing recommendation to the Court that addresses the above mitigators, and the factors in aggravation.

C.   Sentencing Recommendation

As noted above, Stant's sentencing guideline range is 135 to 168 months. U.S. Probation recommends a sentence far more lenient citing mitigating factors such as the fact that this offense was not a drug crime, or crime of violence and that the defendant has suffered serious collateral consequences such as negative media attention and the stigma of a federal felony. While we agree there are creditable mitigating factors present here, the fact is every defendant sentenced by

this Court will suffer the stigma of a federal felony. Additionally, we do not find negative media attention as a creditable basis for a lower sentence. When one so brazenly violates the public trust, there will always be public scorn and attendant negative media attention. That negativity is not a reason in our view to dole out a lighter sentence, particularly given the nature of the offense conduct.

However, pursuant to CrimLR32.2(e), we do agree that a downward variance is warranted here based upon the defendant's ready acceptance of guilt, his cooperative efforts, and his post-arrest conduct. The government recommends a two level downward variance from Level 33 down to Level 31 which yields a sentencing range of 108 to 135 months. The government recommends a sentence in the lower half of that guideline range.

This case, in our collective recollection, is the largest single known case of bribery prosecuted in this district. Corruption cases against public officials are rare because they are so difficult to investigate, prosecute and obtain sustained convictions. For these reasons, it is critical that the sentence in this case ensures meaningful *general deterrence*. This is particularly true for those public officials who have discretion to direct public contracts and funding, as they can be subject to waves of dark money from special interests in order to influence the exercise of their financial discretion. The Court's sentence, we submit, must provide a credible message of general deterrence, and *promote respect* for not only federal

law, but state laws, such as those mandating truthful financial disclosures by public officials.  We ask the Court to recognize the unique opportunity this case presents and deliver the message that those who chose to abuse their power to enrich themselves at the expense of the people they serve will face severe penalties that include a lengthy term of imprisonment and appropriately, forfeiture of the fruits of Stant's criminal conduct.

III.   The Forfeiture

As detailed in the PSR, Stant has agreed to the forfeiture of $1,900,000 in funds.  As agreed upon in the Memorandum of Plea Agreement, we will provide the Court with our agreed forfeiture order directing the forfeiture of this amount.

IV.   Conclusion

For the above reasons, the government respectfully requests that the Court impose a sentence in the lower range of Offense Level 31, and enter the Order of Forfeiture provided to the Court.  Because it does not appear that Stant has the ability to pay both a fine and the forfeiture order, we do not recommend a fine.

DATED:  February 3, 2023, at Honolulu, Hawaii.

CLARE E. CONNORS
United States Attorney
District of Hawaii

By  */s/ Kenneth M. Sorenson*
KENNETH M. SORENSON
Assistant U.S. Attorney

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date noted below, the true and correct copy of the foregoing was served electronically through CM/ECF:

Served Electronically through CM/ECF:

Cary Virtue, Esq.

Attorney for Defendant
STEWART OLANI STANT

DATED:  February 3, 2023, at Honolulu, Hawaii.

*/s/ Kenneth M. Sorenson*
_____
KENNETH M. SORENSON
Assistant U.S. Attorney